## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INTERMOUNTAIN TECHNOLOGY GROUP, LLC, a Utah limited liability company, and RYAN DAY, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>ALTIGEN COMMUNICATIONS, INC., a Delaware Corporation,<br><br>    Defendant. | **ORDER GRANTING IN PART [50] PLAINTIFFS' MOTION FOR THIRD AMENDED SCHEDULING ORDER**<br><br>Case No.  2:24-cv-00538-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiffs' Motion for Amended Scheduling Order (Motion) (ECF 50). Plaintiffs request that the court amend the Second Amended Scheduling Order (ECF 36) to permit a "final 90-day extension of the fact discovery deadline," which would allow Plaintiffs time to complete depositions they were planning to take prior to the matter being set for a judicial settlement conference (*see* ECF 50). Defendant opposes the Motion, arguing that Plaintiff has not been diligent in pursuing the remaining depositions (ECF 53 at 5–7) and that further discovery would prejudice Defendant (*id*. at 7–8).

The court had set this matter for a hearing, but in reviewing the parties' briefing on the Motion, the court has determined that oral argument would not materially assist the court in deciding the issue. Consequently, the court decides the issue on the briefs and strikes the Motion Hearing set for May 26, 2026, at 1:00 p.m. For the reasons set forth below, the Motion is GRANTED IN PART.

## I.     RELEVANT BACKGROUND

On December 18, 2025, the parties filed a Stipulated Motion for Judicial Settlement

Conference (ECF 38). A Pre-Settlement Meeting was scheduled for March 5, 2026, and a Settlement Conference was scheduled for March 17, 2026 (ECF 41). Defendant sought to stay the case while the parties engaged in settlement, but Plaintiffs refused, stating they would proceed with the remaining depositions (ECF 50 at 2; ECF 53 at 1). Despite the assurance that the depositions would proceed, Plaintiffs elected not to take any of the remaining depositions (*id*.). The close of fact discovery was March 6, 2026 (ECF 36 at 2). At the March 5, 2026, Pre-Conference Meeting, Magistrate Judge Jared C. Bennett determined that a settlement was not feasible at that time and vacated the March 17, 2026, Settlement Conference (ECF 47). The day after the unsuccessful Pre-Conference Meeting, Plaintiff filed the present Motion seeking to extend the fact discovery deadline by 90 days to complete the remaining depositions (*see* ECF 50). Defendant argues Plaintiffs have not been diligent and that granting the Motion would be prejudicial to them, and therefore requests the court deny the Motion (ECF 53).

## II.   STANDARD

Plaintiffs filed the Motion on March 6, 2026, the deadline for the close of fact discovery (ECF 36). Therefore, under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The Tenth Circuit has explained that good cause "comes into play in situations in which there is no fault—excusable or otherwise," such as by a cause outside the movant's control and where a deadline cannot be met despite the movant's diligent efforts. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017); *Zemaitiene v. Salt Lake Cnty.*, Case No. 2:17-cv-00007-DAK-JCB, 2021 WL 914063 at *3 (D. Utah March

2

10, 2021). "In exercising its discretion, the court considers the relative diligence of the party seeking the change, whether the need for more time was foreseeable or the fault of the moving party, whether refusing the continuance creates a 'substantial risk of unfairness' to the party seeking modification, and whether the party opposing modification might be prejudiced." *Keate v. Wright*, No. 2:23-CV-00305, 2024 WL 4279036, at *2 (D. Utah Sept. 24, 2024).

## III.    DISCUSSION

Plaintiffs argue they were diligent in delaying depositions while waiting for the pre-settlement conference, which took time to schedule and ultimately occurred on March 5, 2026 (ECF 46). Plaintiffs claim that they assumed Defendant would agree to complete discovery, as Defendant initially offered to stay discovery pending settlement (ECF 54 at 2). Plaintiffs also argue that an extension is not prejudicial as it was Defendant that initially proposed staying all discovery pending the settlement conference (*id*.).

Because both parties pursued settlement in good faith, the court finds that Plaintiffs have provided "an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n.4. While the court agrees that the parties' settlement efforts ultimately permit the court to find diligence, the court finds Plaintiffs' assumption that Defendant would agree to an extension disingenuous and somewhat unfair to Defendant. Defendant relied on Plaintiffs' position that the last depositions would proceed while the parties were waiting for the settlement conference. It is illogical for Plaintiffs to decline a stay and then proceed as if one had been granted, despite having time to conduct the depositions from December 2025 to March 2026 (when the settlement occurred).

Despite Plaintiffs' misguided judgment, when evaluating the above factors, it is unfair not to allow Plaintiffs to complete the limited outstanding discovery, given that they did participate in settlement discussions, and any prejudice to Defendants can be managed with a limited extension.

For these reasons, the court finds that Plaintiffs have been diligent but will only permit a 45-day extension (notwithstanding Plaintiffs' position that counsel has other depositions and perhaps a trial). Plaintiffs are only permitted to take the depositions they had intended to take prior to the settlement (no new discovery shall be permitted). Therefore, the court GRANTS IN PART Plaintiffs' Motion for Amended Scheduling Order (ECF 50) and hereby ORDERS that Plaintiffs submit to chambers a scheduling order addressing only the outstanding deadlines consistent with this Order no later than Monday, May 18, 2026. In light of this ruling, the court strikes the Motion Hearing set for May 26, 2026, at 1:00 p.m.

IT IS SO ORDERED.

DATED this 12 May 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah